FILED

11/16/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 2, 2018

## CATHERINE CATON v. KYLE AUSTIN CATON

**Appeal from the General Sessions Court for Sumner County**
**No. 2012GS10       Barry R. Brown, Judge**

_____

### No. M2015-01829-COA-R3-CV

_____

About a year after the parties' divorce, the mother, who had been named primary residential parent, decided to move to Murfreesboro. Alleging that her move constituted a material change in circumstance, she filed a petition in the divorce court requesting a change in the residential parenting schedule. Because she planned to move less than fifty miles, the mother asserted that the parental relocation statute did not apply. But, in case the court disagreed, the mother also asked the court to approve the move. In response, the father filed a counter-petition seeking to change either the primary residential parent designation or the parenting schedule. After a hearing, the trial court denied both modification petitions. And although the court agreed that the parental relocation statute did not apply, the court ordered the mother to remain in Sumner County, Tennessee. The mother has appealed the court's restriction on her ability to move. Upon review, we conclude that the trial court had no legal basis for prohibiting the mother from moving. So we reverse that part of the court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Reversed in Part; Affirmed in Part; and Case Remanded**

W. Neal McBrayer, J., delivered the opinion of the court, in which Thomas R. Frierson II and Arnold B. Goldin, JJ., joined.

Brock East and Aaron J. Conklin, Murfreesboro, Tennessee, (on appeal) for the appellant, Catherine Caton.

Mark T. Smith and Gwynn K. Smith, Gallatin, Tennessee, for the appellee, Kyle Austin Caton.

## OPINION

### I.

On June 11, 2013, the General Sessions Court for Sumner County, Tennessee, granted Catherine Caton ("Mother") and Kyle Caton ("Father") a divorce. As part of the divorce decree, the court approved and incorporated an agreed permanent parenting plan for the couple's two minor children, aged eight and three. The plan named Mother as the primary residential parent and granted 209 days of residential parenting time. Father received 156 days under the plan.

On June 5, 2014, Mother petitioned to modify the parenting plan. The petition alleged a material change in circumstance had arisen because of Mother's pending move to Murfreesboro. And although she planned to move less than fifty miles, the increased distance between the parents' residences would necessitate a modification of the residential parenting schedule. *See* Tenn. Code Ann. § 36-6-101(a)(2)(C) (2010). Alternatively, the petition alleged that, if the parental relocation statute applied, Mother's move had a reasonable purpose, was not vindictive, and did not pose a threat of harm to the children. *See* Tenn. Code Ann. § 36-6-108(d) (Supp. 2013).

Father opposed Mother's requested modification as not in the best interest of the children. He further claimed that Mother's purpose for moving was both unreasonable and vindictive. And Father also asked the court to modify the permanent parenting plan. In his counter-petition, Father requested to be named primary residential parent if Mother moved. In the alternative, he sought a modification of the residential parenting schedule because the plan had become unworkable "due to the Mother's change in shift schedule at the hospital where she work[ed]."

After an evidentiary hearing, the court denied both petitions. Although the court ruled that the parental relocation statute was inapplicable, the court treated Mother's modification petition as a request for permission to move. The court determined that Mother's stated reason for the move "did not trump over the Father's rights of him [sic] being active with the children." And the court prohibited Mother from "relocat[ing] from Sumner County as such as [sic] relocation will not be in the best interests of the children."

### II.

Mother raises one issue on appeal: whether the trial court erred in prohibiting her move when the distance was less than fifty miles. We review the trial court's factual findings de novo on the record, with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d

2

685, 692-93 (Tenn. 2013). We review the trial court's conclusions of law de novo with no presumption of correctness. *Armbrister*, 414 S.W.3d at 692.

There was no legal basis for restricting Mother's ability to move. *See Cummings v. Cummings*, No. M2003-00086-COA-R3-CV, 2004 WL 2346000, at *15-16 (Tenn. Ct. App. Oct. 15, 2004) (vacating the trial court's injunction preventing the mother from living "where she may choose"); *see also Johnson v. Johnson*, 165 S.W.3d 640, 646 (Tenn. Ct. App. 2004) (acknowledging that trial court lacked authority to order the mother to move back to Tennessee). The permanent parenting plan did not restrict either parent from relocating. And it is undisputed that the parental relocation statute in effect at the time did not apply to Mother's proposed move. *See* Tenn. Code Ann. § 36-6-108(a) (providing that the parental relocation statute applies when "a parent who is spending intervals of time with a child desires to relocate outside the state or more than fifty (50) miles from the other parent within the state").

Even were it applicable, the parental relocation statute does not grant courts the "authority to dictate where divorced parents must live." *Cummings*, 2004 WL 2346000, at *15. The statute only provides the court with a framework for protecting the non-custodial parent's visitation rights. *See* Tenn. Code Ann. § 36-6-108; *Aragon v. Aragon*, 513 S.W.3d 447, 458-60 (Tenn. 2017); *Cummings*, 2004 WL 2346000, at *15. While the court may modify the custody arrangement, the court has no authority to prevent a parent from moving. *See* Tenn. Code Ann. § 36-6-108(e) ("If the court finds it is not in the best interests of the child to relocate as defined herein, but the parent with whom the child resides the majority of the time elects to relocate, the court shall make a custody determination and shall consider all relevant factors . . . .").[1]

## III.

Contrary to Father's arguments on appeal, the trial court did not simply decline to modify the current parenting plan.[2] The court affirmatively ordered Mother not to move from Sumner County. Because the court lacked authority to do so, we reverse only that

---

[1] The current version of the parental relocation statute also recognizes that the court cannot prevent a parent from moving. If the court denies the relocating parent's petition for approval, the court shall also "enter a modified permanent parenting plan that shall become effective only if the parent proposing to relocate elects to do so despite the court's decision denying the parent's petition for approval." Tenn. Code Ann. § 36-6-108(c)(4) (Supp. 2018).

[2] The court's order contains no finding of a material change and no analysis of whether, in light of the material change, modification of the current plan was in the children's best interest. *See Boyer v. Heimermann*, 238 S.W.3d 249, 259-60 (Tenn. Ct. App. 2007) (explaining that Tennessee courts apply a two-step analysis to requests to modify a permanent parenting plan). Instead, the court focused on whether the move was in the children's best interest, an analysis mandated by the parental relocation statute. *See* Tenn. Code Ann. § 36-6-108(c), (e).

portion of the court's order that prohibits Mother from moving out of Sumner County, Tennessee. The denial of the petitions to modify, which has not been challenged on appeal, is affirmed. Thus, the current parenting plan remains in place.

_____
W. NEAL MCBRAYER, JUDGE